IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2020

**FREDDIE LEWIS OSBORNE v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 39059    Jill B. Ayers, Judge**

———————————————————

**No. M2019-00284-CCA-R3-PC**

———————————————————

A jury convicted the Petitioner, Freddie Lewis Osborne, of sale of a controlled substance within 1000 feet of a Drug-Free School Zone ("DFSZ"), and the trial court sentenced him as a Range II, multiple offender to thirty-two and a half years of incarceration. The Petitioner contested his conviction by direct appeal, post-conviction petition, and by petition for habeas corpus relief. Subsequently, he filed a "Petition for Sentencing Relief," which the trial court denied by written order. On appeal, the Petitioner contends that the trial court erred because the Petitioner had: (1) sufficiently stated a claim for re-opening his petition for post-conviction relief; (2) stated a claim that the application of the DFSZ Act violated his right to equal protection; and (3) sufficiently stated a claim for the correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Wayne Clemons, Clarksville, Tennessee, for the appellant, Freddie Lewis Osborne.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Chris W. Dotson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.  Facts**

This case arises from the Petitioner's sale of over twenty-six grams of cocaine within 1,000 feet of a school zone in July 1998, a Class A felony. The trial court sentenced the Petitioner to the midpoint of his applicable sentencing range, thirty-two and

a half years. The Petitioner filed a direct appeal in which he challenged the constitutionality of the Drug Free School Zone ("DFSZ") Act, codified in Tennessee Code Annotated section 39-17-432. *State v. Walter L. Meriweather, John Head, Jr., Freddie Osborne*, Nos. M1998-00323-CCA-R3-CD, M1998-00326-CCA-R3-CD, M1998-00332-CCA-R3-CD, 2000 WL 337585, at *1 (Tenn. Crim. App., at Nashville, Mar. 31, 2000), *perm. app. denied* (Tenn. Nov. 6, 2000). This court affirmed his conviction, following precedent that had found the DFSZ Act constitutional. *Id.*

In June 2001, the Petitioner filed a petition for post-conviction relief in which he alleged his trial counsel failed to follow the mandatory provisions of Tennessee Rule of Evidence 609 and that his counsel failed to request a jury charge of facilitation, both of which he contended amounted to the ineffective assistance of counsel. *Freddie L. Osborne v. State*, No. M2003-02088-CCA-R3-PC, 2004 WL 1936409, at *1 (Tenn. Crim. App., at Nashville, Aug. 31, 2004), *perm. app. denied* (Tenn. Jan. 24, 2005). The post-conviction court granted the petition, and the State appealed. *Id.* On appeal, this court reversed the post-conviction court, concluding that the Petitioner could not prove that he had been prejudiced by counsel's performance and was, therefore, not entitled to post-conviction relief. *Id.* at *6.

The Petitioner then filed a petition for habeas corpus relief. The habeas corpus court denied him relief, and this court affirmed. *Freddie L. Osborne v. State*, No. M2012-00122-CCA-R3-HC, 2012 WL 3929793, at *1 (Tenn. Crim. App., at Nashville, Sept. 10, 2012), *perm. app. denied* (Tenn. Sept. 10, 2012).

On November 15, 2018, the Petitioner filed a pro se pleading titled "Petition for Sentencing Relief." The State responded to the motion as if it was an untimely petition for post-conviction relief and moved to dismiss the petition based upon its untimeliness. The trial court held a hearing on January 10, 2019, where the parties argued the merits of the motion. At the hearing, the Petitioner agreed that he had filed a petition for post-conviction relief, which was ultimately denied, and that his motion was based upon the legality of his sentence. After the court surmised that the Petitioner's motion was one to correct an illegal sentence, it denied the Petitioner's motion, holding that "the Petition fails to state a colorable claim for relief that could be addressed under the jurisdiction of this Court." Thereafter, the court denied the motion. This appeal ensued.

## II. Analysis

On appeal, the Petitioner contends that this court should remand the case for a hearing because he stated a colorable claim for re-opening his petition for post-conviction relief pursuant to Tennessee Code Annotated section 40-30-117 because his petition is based on a claim that a final ruling of an appellate court establishes a constitutional right

that did not exist at the time of his trial. He notes that in 2016 the Tennessee Supreme Court held that enhancement of a sentence pursuant to the DFSZ Act does not apply to sentences for facilitation. *State v. Gibson*, 506 S.W.3d 450 (Tenn. 2016). He contends that the State offered him a guilty plea to facilitation, but he declined it and went to trial. Had he known that the DFSZ Act did not apply to facilitation, he would have accepted the offer. He further asserts that his due process rights require the tolling of the statute of limitations for his post-conviction petition. Finally, the Petitioner contends that he has presented a colorable claim for relief pursuant to Tennessee Rule of Criminal Procedure 36.1.

The State responds that all of the Petitioner's issues ultimately contest the legality of his sentence. The State asserts that, while such issues are reviewable pursuant to Tennessee Rule of Criminal Procedure 36.1, the Petitioner has failed to present a colorable claim pursuant to that Rule, so the trial court properly dismissed his motion. We agree with the State.

### A. Motion to Reopen Post-Conviction Petition

The Petitioner first contends that the trial court erred when it did not consider his pleading as a motion to reopen his post-conviction petition. This court recently analyzed the parameters of a post-conviction court's review of a motion to reopen and a subsequent amendment to a first post-conviction petition made pursuant to a post-conviction court's granting a motion to reopen. *See Harold Wayne Nichols v. State*, No. E2018-00626-CCA-R3-PD, 2019 WL 5079357 (Tenn. Crim. App., at Knoxville, Oct. 10, 2019), *perm. app. denied* (Tenn. Jan. 15, 2020). Concerning the general availability of post-conviction relief in Tennessee, this court explained:

> In *Case v. Nebraska*, 381 U.S. 336, 85 S. Ct. 1486, 14 L.Ed.2d 422 (1965), the United States Supreme Court recommended that the states implement post-conviction procedures to address alleged constitutional errors arising in state convictions in order to divert the burden of habeas corpus ligation in the federal courts. In response, the Tennessee legislature passed the Post-Conviction Procedure Act whereby a defendant may seek relief "when a conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In its current ideation, the Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." T.C.A. § 40-30-102(c). While "any second or subsequent petition shall be summarily dismissed," a petitioner may seek relief on the basis of claims that arise

after the disposition of the initial petition by filing a motion to reopen the post-conviction proceedings "under the limited circumstances set out in § 40-30-117." *Id.*; *see Fletcher v. State*, 951 S.W.2d 378, 380 (Tenn. 1997).

*Nichols*, 2019 WL 5079357, at \*3. Thus, while Tennessee provides for only one petition for post-conviction relief, there are limited circumstances whereby a petitioner may allege later arising claims via a motion "to reopen the first post-conviction petition." T.C.A. § 40-30-117(a). As relevant in this case, a motion to reopen the first petition should be granted when "[t]he claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required." T.C.A. § 40-30-117(a)(1). Once a motion to reopen is granted, "the procedure, relief and appellate provisions of this part shall apply." T.C.A. § 40-30-117(b)(1).

That said, "a post-conviction court's grant of a motion to reopen does not fully place a petitioner back into the procedural posture of his original post-conviction proceedings." *Nichols*, 2019 WL 5079357, at \*7. As noted by the Tennessee Supreme Court, claims raised in a motion to reopen and subsequent amendments might be barred by the statute of limitations and previous determination. *Coleman v. State*, 341 S.W.3d 221, 255 (Tenn. 2011). Generally, a petitioner must file a petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a) (2018). The statutory grounds for tolling the statute of limitations are coextensive to those for granting a motion to reopen. T.C.A. § 40-30-102(b) (2018). Thus, if an amended claim arising from a motion to reopen a post-conviction petition does not meet the requirements of Code sections 40-30-102(b) and 40-30-117(a), the claim is barred by the statute of limitations. "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h) (2018). Further, a claim will be treated as waived when "not raised before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-110(f) (2018); *see Coleman*, 341 S.W.3d at 257 (discussing the waiver of a specific ineffective assistance of counsel claim for failing to raise it in the original post-conviction petition). Claims that are raised beyond the statute of limitations, have been previously determined, or have been waived shall be summarily dismissed. T.C.A. § 40-30-106(b), (f). We review the post-conviction court's summary denial of relief de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004).

The Petitioner contends that the trial court erred when it failed to consider his filing as a motion to reopen his post-conviction petition based upon the Tennessee

Supreme Court's opinion in *State v. Gibson*, 506 S.W.3d 450 (Tenn. 2016). The Petitioner's contention fails procedurally. *Gibson* was filed by the Tennessee Supreme Court on November 16, 2016. This "sentencing relief" motion by the Petitioner was filed November 15, 2018. Tennessee Code Annotated section 40-35-117(a)(1) states that the Petitioner's filing must be filed "within one (1) year of the ruling of the highest state appellate court . . . establishing a constitutional right that was not recognized as existing at the time of trial . . . ." The Petitioner filed his motion well beyond that one year statute of limitations.

The Petitioner's contention also fails on its merits. In *Gibson*, our supreme court determined increased felony classification under DFSZ Act does not apply to a conviction for facilitation, as facilitation is not an enumerated conviction that falls within the ambient of the statute. The Petitioner in this case was not convicted of facilitation and was not sentenced for facilitation of the sale of a controlled substance in a DFSZ. He was convicted of the sale of a controlled substance in a school zone. Any argument that he presents with regard to whether he may have chosen to enter a plea of guilty to facilitation had he known then that the DFSZ Act did not apply to facilitation does not fall within the statutory purview of a motion to reopen a post-conviction petition. As such, he is not entitled to relief.

## B. Due Process

The Petitioner next contends that, even if that his motion fell beyond the year, this court and the lower court should have considered his motion because the Tennessee Supreme Court has recognized that a due process right may toll the statute of limitations, citing *Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). In *Whitehead*, the court held that some circumstances require that fundamental fairness demand a tolling of the statute of limitations. In that case the court concluded that the appellant's appellate attorney had "effectively abandoned him," which impeded the appellant's otherwise diligent efforts to file a timely post-conviction petition.

The *Gibson* court stated the following:

With regard to due process, this Court has recognized that

"Due process is flexible and calls for such procedural protections as the particular situation demands." The flexible nature of procedural due process requires an imprecise definition because due process embodies the concept of fundamental fairness. In determining what procedural protections a particular situation demands, three factors must be considered: (1) the private interest at stake; (2) the risk of erroneous deprivation of the

interest through the procedures used and the probable value, if any, of additional or substitute safeguards; and finally, (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Seals v. State*, 23 S.W.3d 272, 277 (Tenn. 2000) . . . .

In the post-conviction context, this Court has explained that the private interest at stake is "a prisoner's opportunity to attack his conviction and incarceration on grounds that he was deprived of a constitutional right during the conviction process." The government's interest is "the interest in preventing the litigation of stale and groundless claims"," coupled with the concerns about "the costs to the State of continually allowing prisoners to file usually fruitless post-conviction petitions." *Burford v. State*, 845 S.W.2d at 207.

*Whitehead*, 402 S.W.3d at 615. The court went on to state that it had identified three circumstances in which due process requires tolling the post-conviction statute of limitations. Those exceptions are now codified in the statute referenced above, Tennessee Code Annotated section 40-30-117. We conclude that the facts in *Whitehead* and the few other cases concluding that due process required a tolling of the statute of limitations are distinguishable from the case herein. The Petitioner declined to enter a plea of guilty to facilitation and allowed a jury to determine his case. The jury determined that he was guilty of sale of a controlled substance. That offense occurred in a DFSZ and the DFSZ Act applied to enhance his sentence. The fact that the DFSZ Act has now been interpreted to not apply to facilitation does not trigger due process protections. The Petitioner is not entitled to relief on this issue.

### C. Tennessee Rule of Criminal Procedure 36.1

The Petitioner finally contends that his motion stated a claim for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He asserts that his sentence is not authorized because, at the time of sentencing, the consensus of the parties was that he was ineligible for judicial diversion when, in 2015, the Tennessee Supreme Court held that the DFSZ Act did not make him ineligible for judicial diversion. *State v. Dycus*, 456 S.W.3d 918 (Tenn. 2015).

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b). Rule 36.1 does not define the term "colorable claim." Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness." *Id*. at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006) (applying de novo review to determine whether a sentence is illegal for purposes of habeas corpus relief); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (reviewing de novo the issue of whether a post-conviction petition states a colorable claim for relief)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED) ] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

In his Rule 36.1 motion, the Petitioner alleges that the consensus of the parties at his sentencing was that he was ineligible for judicial diversion, when the Tennessee

Supreme Court held years later that an offender in his position was eligible for judicial diversion.  Even assuming that this assertion is true, the Petitioner does not set forth a colorable claim for Rule 36.1 relief.  The allegation put forth by the Petitioner does not render his sentences illegal.  The Petitioner is not entitled to relief on this issue.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's dismissal of the Defendant's motion.

_____
ROBERT W. WEDEMEYER, JUDGE